■ PAULINE THUM et al., Respondents, v. EDWARD ZRAICK et al., Appellants, et al., Defendants.— In an action to recover damages for personal injuries resulting from an intersection collision between the taxicab, owned by defendant Gatke and operated by defendant Dean, in which plaintiffs were passengers, and the automobile owned by defendant Edward Zraick and operated by his wife, defendant Lorraine Zraick, the defendants Zraick appeal from so much of an order of the Supreme Court, Kings County, dated August 30, 1960, as granted plaintiffs' motion for summary judgment against them under rule 113 of the Rules of Civil Practice, directed an assessment of the damages against them, and severed the action as against the defendants Gatke and Dean. Order insofar as appealed from reversed, with $10 costs and disbursements, and plaintiffs' motion for summary judgment as against defendants Zraick denied. In our opinion, despite the admissions of the automobile operator, defendant Lorraine Zraick, an issue of fact still exists as to whether under all the circumstances she exercised due care and caution as she entered the intersection and attempted to proceed through it. Moreover, the denial of summary judgment against this defendant and her husband will further the desirable objective of avoiding an inconsistent result as between them and the defendants Gatke and Dean. Nolan, P. J., Beldock and Pette, JJ., concur; Kleinfeld and Christ, JJ., dissent and vote to affirm the order insofar as appealed from, with the following memorandum by Christ, J., in which Kleinfeld, J., concurs: The automobile owned by defendant Edward Zraick was driven by his wife, Lorraine Zraick, north on Narrows Avenue into the intersection of 69th Street, in Brooklyn, and struck the side of the westbound taxicab in which plaintiffs were passengers. Mrs. Zraick made certain admissions in her pretrial deposition and in her affidavit in opposition to the motion. She has admitted that at the intersection there was a " Full Stop " traffic sign against her; that she saw the sign but nevertheless drove her automobile past it and into the intersection without stopping; that she did not see the taxicab until she hit it, and that her automobile was going at the rate of 10 to 15 miles an hour when the cars collided. Even if the cars which were parked at the curbs blocked her view in the direction from which the taxicab came, that fact does not justify defeat of the motion. She had the duty to stop at the sign which she concedes she saw, and she had the duty to proceed from a standing position in such a manner as would enable her to see cars coming from the taxicab's direction. Her failure to do so was negligence. On this state of facts it was proper to grant summary judgment against her and her husband and to sever the action against the defendant taxi operator and the defendant taxi owner. Whether these latter two defendants may also be held in negligence is not at issue here. The plaintiffs should not be delayed in their judgment against defendants Zraick. Where the prima facie proof is so convincing that the inference of negligence arising therefrom is inescapable, summary judgment should be given (*Gerard* v. *Inglese*, 11 A D 2d 381 [2d Dept.]). This is such a case. The recent case (*Scott* v. *New York City Tr. Auth.*, 10 A D 2d 992 [2d Dept.]), in which summary judgment was denied, is distinguishable. There the facts were much more favorable to the defendants. The defendant operator there went through two stop signs into

the intersection; *but he did not see them,* claiming as to one sign that it was obscured by parked cars and overhanging tree branches. Here, however, there is no question that the automobile operator, defendant Lorraine Zraick, drove through a stop sign which she saw.