ANNA RODRIGUEZ, Individually and as Administratrix of the Estates of RAUL RODRIGUEZ, JR., and Another, Deceaseds, Plaintiff, v. THOMAS GAMBETTA et al., Defendants.

Supreme Court, Special Term, New York County, October 28, 1966.

*Donner & Piel (Eleanor Jackson Piel of counsel), for plaintiff. Allan E. Rappleyea for defendants.*

NATHANIEL T. HELMAN, J. Upon the foregoing papers this plaintiff in this death action moves for summary judgment, claiming that despite the denial of negligence contained in defendants' answer, and in the affidavits submitted in opposition to this motion, award of the relief requested is proper, primarily because of the existence of an outstanding preclusion order against defendants.

The award of summary judgment in negligence cases is the rarity rather than the rule. Award of such relief in an action such as this, where the facts concerning the cause of the accident are not within the personal knowledge of any party, would be most exceptional. (The accident occurred when plaintiff's

young children fell to their death from a building owned by defendants, the fall not being witnessed by plaintiff or defendants.) The existence of the preclusion order does not mandate granting the motion. Examination of the demand for the bill of particulars reveals that the precluding of defendants from adducing evidence with respect to the unanswered matter does not, alone, lead to an inference or presumption (inescapable or otherwise) that the accident occurred in the manner alleged. Thus while defendants are now precluded from denying their respective ownership or management of the premises, they are not precluded from adducing evidence to rebut plaintiff's version of the accident, or their negligence. Further, in the record presented, defendants' failure to assert evidentiary matter in their opposition to this motion does not mandate a granting of the motion, for defendants, apparently, have no personal knowledge of how the incident occurred.

The motion is denied.