Jack Stanislaw, J.
Plaintiffs in a negligence action move to dismiss the answer and refer the matter to a Trial Term for assessment of damages. The motion, in effect, is for summary judgment and will be treated as such. The action is for personal injuries sustained by plaintiffs as a result of an automobile collision.
The facts and circumstances surrounding the accident are not in dispute. They were stated by defendant, during her examination before trial, as follows: On the evening of October 1, 1966, defendant was driving a 1953 Buick, which she had purchased about two weeks prior to the occurrence. She was alone in the car, drove about four miles in a northerly direction, along Saxon Road and then proceeded to enter Montauk Highway, which is a four-lane roadway, with two eastbound lanes and two westbound lanes, divided by a solid white line. She made a right turn into Montauk Highway, heading in an easterly direction, and continued for about two car lengths. She then crossed over into the westbound lane, collided with a Volkswagen (driven by a person not a party to this lawsuit) and then struck plaintiffs’ automobile, also in the westbound lane. Immediately prior to the impact, she was moving eastbound and observed plaintiffs’ vehicle moving westbound. At the time of the occurrence it was dark and raining but her windshield wipers were not operating and her headlights were not on. Her brakes were in good operating condition, but she did not apply them, nor was she skidding. As stated in defendant’s own words: “ I had never driven the car after dark. I was trying to get the windshield wiper on. Also I was fumbling to get the lights on because I didn’t have the headlights on. I had my head down and I lost control of the car and I had my head down, trying to get the windshield wiper and right headlights on. ’ ’
Plaintiff Thomas J. Dillon, furnished the following facts at his deposition, which were not refuted: He was driving his Dodge Dart on Montauk Highway, in a westerly direction and well over in the westbound lane. His headlights were on and his windshield wipers were in operation. The only passenger in his vehicle was his wife, plaintiff Mary K. Dillon, who was seated beside him. His vehicle was traveling about 15 or 20 feet behind the Volkswagen. He first observed defendant’s car when it was 10 to 15 feet away, coming straight at him from the opposite *213 direction. Defendant’s car struck the front center of his vehicle, in the westbound lane. He and his wife were removed from the scene by ambulance and taken to a hospital. Plaintiff Mary K. Dillon testified, at her deposition, that she did not see defendant’s car before the accident. The facts relating to the nature and extent of plaintiff’s injuries will not be discussed, since this motion is directed only to the issue of liability.
The moving papers include an affidavit by the passenger plaintiff (realleging the facts of the accident), an affidavit by her attorney and the transcript of defendant’s deposition. The answer admits ownership, operation and control but otherwise denies the material allegations of the complaint.
Defendant submits no opposing affidavit. The answering papers include only the transcript of plaintiff’s deposition and a statement by defendant’s attorney, in affidavit form. In essence, however, it is a memorandum of law. It does not refute the facts of the accident, but refers to admissions made by both plaintiffs in their depositions to the effect that they failed to wear the seat belts, available in their car for their protection. He contends the motion must be denied since the following two questions should be decided by.the jury: (1) does plaintiffs’ failure to use the available seat belts constitute contributory negligence; and (2) was the plaintiff driver guilty of contributory negligence in not observing defendant’s vehicle until it was 10 to 15 feet away from him and directly in his path.
The question raised in the opposing papers relating to the issue of the plaintiff driver’s contributory negligence in the operation and control of his vehicle may involve issues of fact unknown to defendant and peculiarly within the knowledge of the plaintiff driver, justifying submission to a jury (Rodrigues v. Gambetta, 52 Misc 2d 189). Moreover, on a motion for summary judgment, the record must be looked at most favorably to the party asserting a right to trial and ‘ ‘ even where there is no dispute about how an accident occurred, the presence or absence of negligence [or contributory negligence] often remains a question of fact which requires a trial under traditional principles of the law of negligence ” (Cooper v. Greyhound Bus Corp., 13 A D 2d 173,174). The motion, therefore, is denied with respect to the plaintiff driver, Thomas J. Dillon. The second question, which relates to plaintiffs ’ failure to use seat belts, will therefore be confined to the passenger plaintiff’s cause of action.
We know of no reported case, in this State, dealing with the effect of a plaintiff’s failure to use seat belts, on the issue of contributory negligence in an automobile collision case. Defendant’s counsel refers us to a South Carolina case (Sams v. Sams, *214 247 S. C. 467) involving a motion to strike certain allegations from the answer relating to plaintiff’s failure to use an available seat belt. Reversing an order of the court below, the appellate court held that (p. 470): “ the ultimate questions raised by the alleged defense should be decided in the light of all of the facts and circumstances adduced at the trial, rather than being decided simply on the pleadings ’ ’. In that case, however, plaintiff was a passenger in a car owned and operated by her husband and the claim was asserted against her husband. In the instant case, although plaintiff was also a passenger in her husband’s car, the claim is asserted against the driver of another vehicle. There is no indication, in Sams (supra), that the accident would have occurred even if plaintiff had been using a seat belt. Significantly, the appellate court specifically confined its holding to the facts and circumstances of that case. In this case, however, the testimony of defendant clearly indicates that the collision would have occurred even if plaintiffs had been wearing seat belts. Failure to use them may have contributed to the severity of the injuries, but had no causal relationship to the occurrence of the accident.
Defendant’s counsel also makes reference to section 383 of the Vehicle and Traffic Law, which deals with seat belt equipment. He concedes, however, that the law does not mandate its use. In enacting the statute, the Legislature provided certain specifications for seat safety belts sold and installed in certain vehicles. If it was the Legislature’s intent that failure to use available seat belts shall be a bar to recovery in an action for personal injuries sustained as a result of an automobile collision, they would have said so. The statute neither implies such intention nor provides for the enforcement of seat belt use. It is not incumbent upon the courts to ignore fundamental principles of tort liability to enforce such use.
“ Some state legislatures [i.e., Iowa, Maine and Minnesota] have forestalled [such] development by expressly providing that evidence of failure to use a seat belt is inadmissible in a civil action brought for damages, in any civil or criminal trial arising out of an automobile accident, or in any action involving personal injuries or property damage resulting from the use or operation of any motor vehicle. [A] Tennessee statute states that failure to use a seat belt is not to be considered contributory negligence, nor is the failure to wear the belt to be considered in order to mitigate damages. Virginia likewise holds that failure to use the belt is not to be deemed negligent ” (42 St. John’s L. Rev., p. 381).
*215 In a recent Indiana case (Kavanagh v. Butorac, 221 N. E. 2d 824), an appellate court refused to apply the doctrine of available consequences, advanced by defendant, in a negligence action, on the ground that plaintiff failed to use an available seat belt. In a 1966 Florida case (Brown v. Kendrick, 192 So. 2d 49 [Fla.]), noting that although seat belts are mandatory equipment in that State, the Legislature neither required their use nor attached any tortious significance to the failure to use them, the appellate court sustained the trial court’s refusal to allow defendant to introduce evidence of plaintiff’s failure to use an available seat belt, on the issue of contributory negligence. Accordingly, in 1967, a Delaware appellate court held that evidence of plaintiff’s failure to fasten an available seat belt is inadmissible in an action for personal injuries (Liscomb v. Diamiani, 226 A. 2d 914 [Del.]).
Use of seat belts should be encouraged, but not at the sacrifice of existing case law. Absent further enactment by the Legislature, we cannot hold that a plaintiff’s failure to use an available seat belt gives rise to an inference of contributory negligence, with respect to an automobile accident that occurred when defendant negligently crossed into an opposing traffic lane, causing a head-on collision with a car in which plaintiff is a passenger.
“ One of the recognized purposes of summary judgment is to expedite the disposition of civil cases where no issue of material fact is presented to justify a trial. While the courts are cautioned to exercise the power to summarily direct judgment with full recognition that a party with a just claim or a valid defense is entitled to his day in court, timidity in exercising the power in favor of a legitimate claim and against an unmerited one, not only defeats the ends of justice in a specific case, but contributes to calendar congestion which, in turn, denies to other suitors their rights to a prompt determination of their litigation ” (Di Sabato v. Soffes, 9 A D 2d 297, 299). To successfully oppose the motion, defendant must establish by affidavits, or other proof, the existence of a bona fide defense (Dodwell & Co. v. Silverman, 234 App. Div. 362; General Investment v. Interborough R. T. Co., 235 N. Y. 133; Dwan v. Massarene, 199 App. Div. 872).
By her own testimony, defendant has indicated that the accident was caused by her negligence. She offers no opposing affidavit to deny that claim. The only question raised in her attorney’s affidavit, on the issue of contributory negligence of the passenger plaintiff, is the failure to use an available seat belt. Not every negligent act of a plaintiff shields a defendant from *216 liability. A plaintiff’s carelessness does not serve to immunize a defendant from tort liability unless such conduct contributed to the accident which caused plaintiff’s injuries. On the undisputed facts of this case, plaintiff’s failure to wear a seat belt in no way contributed to the occurrence of the accident. Nor does defendant indicate a rational basis for a finding that the plaintiff passenger would have received no injuries if she were wearing a seat belt. The causal relationship between the accident and the injuries sustained may be decided on the trial for assessment of damages. Thus, there is no reasonable need for a trial, on the issue of liability. Where, as in this case, prima facie proof is so convincing that the inference of defendant’s negligence is inescapable and the opposing papers fail to establish a genuine question on the issue of contributory negligence, summary judgment must not be denied (Gerard v. Inglese, 11 A D 2d 381).
Accordingly, the motion is granted with respect to the passenger plaintiff and the assessment of her damages is referred to the April Trial Term Part of this court. The motion, with respect to the plaintiff driver, is denied.