Jack Mackston, J.
This is an action involving personal injuries arising out of the alleged negligence of the corporate defendant’s employee Scarangella in the operation of its motor vehicle on April 10, 1976. (Insurance Law, § 673, subd [1].)
Plaintiffs have moved for summary judgment, or alternatively to strike the defense, and so much of the answer as allege plaintiffs failed to submit to examination before commencing suit, as required by section 50-h of the General Municipal Law, contending (a) that the demand for examination was untimely and not within 90 days of filing the notice of claim, (b) that when plaintiffs nevertheless appeared for examination, the corporate defendant’s lawyer caused their refusal to testify by erroneously insisting that each claimant give testimony separately and outside the presence of the other, which they refused, and (c) that the requirements of section 50-h do not apply to their action against the employee Scarangella, since he could have been sued independently.
Defendants respond by calling for denial of the motion for summary judgment and dismissal of the complaint, contending the action was prematurely commenced and that the first notice of examination was mailed to the claimants’ attorney June 9, 1976, well within 90 days of the filing of the notice of claim, and that a second notice, dated August 5, 1976, calling for examination on September 3, 1976 was sent only in response to claimants’ assertion that the first notice was not received.
After reviewing the affidavit of service of the original notice and considering further that claimants did appear at the office of the corporate defendant’s attorney on September 3, 1976 for the purpose of examination, the court is satisfied that the first notice was timely mailed and claimants waived any objection to its loss by appearing on the subsequent date.
With respect to the method of conducting oral examinations required by subdivision (1) of section 50-h of the General Municipal Law, when multiple claimants are involved, it is the court’s opinion that where no action has been commenced the disclosure provisions of CPLR 3107 and 3113 (subds [b], [c]) permitting all parties to be present during the questioning are inapplicable (CPLR 101, 105, subd [d]) and that the procedure for examination prior to the institution of suit is governed by section 50-h of the General Municipal Law (Matter of Mitchell *1080 v Comity of Dutchess, 66 Misc 2d 522) which does not expressly authorize concurrent examination of multiple claimants. And no such right will be implied since the purpose of the filing of notice of claim with, and examination by, public corporations is to enable them to properly investigate the facts, marshal evidence and adjust differences where possible so as to avoid needless litigation (Matter of Brown v Board of Trustees, 303 NY 484) and not to make coclaimants aware of each others’ testimony.
Plaintiffs’ further assertion that the requirements of section 50-h do not pertain to the corporate defendant’s employee Scarangella is unpersuasive. That statute indicates that where notice of claim is filed against a town, it has a right to examine the claimant. Section 50-i as it applies to the present case indicates that no action may be maintained against a town for personal injuries sustained by reason of its negligence or that of its employee unless a notice of claim is made and filed as required by section 50-e. Such notice must also be served on the town where the employee is sued alone provided there is a duty on the part of the municipality to indemnify said employee (Sorge v City of New York, 56 Misc 2d 414) as is the case here. (General Municipal Law, § 50-b.) Such holding appears to reflect current legislative intent as expressed in section 50-e (subd [b]) as amended effective September 1, 1976 (which followed the occurrence of the subject accident). Thus were the employee Scarangella to be sued alone a notice of claim would nevertheless have to be served upon the town, and claimants required to submit to examination pursuant to section 50-h.
The motion to strike the defense and so much of the answer as pertains to claimants’ failure to submit to examination is therefore denied.
The motion for summary judgment is also denied. Fact issues exist, among them, whether plaintiffs have sustained "serious injury” as defined in subdivision 4 of section 671 of the Insurance Law, which is required as a prerequisite to maintaining a cause of action. (Insurance Law, § 673, subd 1.) A reading of the complaint and bill of particulars raises fact questions which may not be decided as a matter of law.
Defendants’ request for dismissal of the complaint, as set forth in the answering papers, is granted without prejudice. Claimants are to submit to separate examinations at the corporate defendant’s attorney’s office on April 25, 1977, at *1081 2:00 p.m. or such other time and place as the attorneys agree in writing. The action may then be reinstituted within 60 days of those examinations and before the one year and 90 days referred to in section 50-i of the General Municipal Law has expired.