(August 9, 1977)

■ JOHN H. RISCHMAN et al., Respondents, v THATCHER GLASS MANU-FACTURING CO., Defendant and Third-Party Plaintiff-Respondent. PEPSI COLA COMPANY, Third-Party Defendant-Appellant.—In an action, *inter alia,* to recover damages for negligence, third-party defendant Pepsi Cola Company (Pepsi) appeals from an interlocutory judgment of the Supreme Court, Kings County, entered November 15, 1976, which (1) is in favor of plaintiffs and against defendant third-party plaintiff Thatcher Glass Manufacturing Co. (Thatcher) and (2) is in favor of Thatcher and against it, after a jury trial limited to the issue of liability only, the jury having apportioned liability against Thatcher at 40% and against it at 60%. Interlocutory judgment affirmed, with one bill of costs payable jointly to plaintiffs and Thatcher by appellant. The jury's verdict against Pepsi was not inconsistent with the verdict against Thatcher. We have considered appellant's other arguments and find them to be without merit. Martuscello, J. P., Margett and O'Connor, JJ., concur; Suozzi, J., dissents and votes to reverse the interlocutory judgment and grant a new trial as between the parties, with the following memorandum: In my view the jury verdict, which allocated 40% of liability to defendant Thatcher Glass Manufacturing Co. and 60% to appellant Pepsi Cola Company was premature insofar as it fixed their respective liabilities rather than merely fixing their respective responsibilities for the causation of the accident, i.e., the explosion of a bottle. Of even greater significance, it is my view that even if the jury's verdict may be interpreted as merely fixing the respective responsibilities of the defendant and third-party defendant for the causation of the explosion, that verdict was against the weight of the evidence and tainted by an improper charge. Plaintiff John H. Rischman, a maintenance mechanic employed by Pepsi, lost his eye as the result of the explosion of a bottle manufactured by Thatcher. He was precluded from bringing suit against his own employer by virtue of the Workmen's Compensation Law. He, therefore, sued Thatcher, contending that its testing and quality control procedures were substandard and constituted negligence. The defendant Thatcher impleaded defendant Pepsi under *Dole v Dow Chem. Co.* (30 NY2d 143), arguing that Pepsi was a joint tort-feasor in that it concurrently caused the explosion as the result of the handling that took place at the Pepsi Cola bottling plant. During the trial evidence was adduced which created an issue of fact as to (1) whether plaintiff John H. Rischman had been furnished protective goggles and (2) whether his wearing of protective goggles would have completely prevented the injuries sustained by him. Clearly, the issue of protective goggles related solely to the severity of the injuries sustained by the male plaintiff and had no relationship to the issue of the causation of the explosion (see *Spier v Barker,* 35 NY2d 444; *Dillon v Humphreys,* 56 Misc 2d 211). Moreover, on this record, it is clear that upon the trial for damages, which has not yet commenced, the jury could conceivably find that the male plaintiff would

not have suffered any injuries at all if he had worn the protective goggles and, therefore, was not entitled to any damages. Hence, it is only after a trial on the issue of damages and a finding in plaintiffs' favor that the jury's apportionment could be considered a true apportionment of liability, since the concept of liability under this factual context presupposes a finding of responsibility for an explosion and resulting injuries. Since this was a split trial, of necessity, the jury was limited during the first trial to merely finding the respective responsibilities of the defendant and the third-party defendant for the causation of the explosion. In view of the fact that the issue of liability is so interwoven with the issue of damages, a split trial was not appropriate here, and on the new trial which I feel is warranted, all of the relevant issues should be tried together. Finally, it is my view that even if the verdict of the jury could be interpreted as merely an apportionment of responsibility for the explosion, that verdict was against the weight of the evidence and was obviously tainted by an erroneous charge. By apportioning the respective responsibilities of the defendants in causing the explosion, the jury was obviously able to separate Thatcher's manufacture and testing of the bottle and Pepsi's handling of the bottle as the two concurrent causes of the explosion. Yet the record is totally devoid of any evidence to support a finding that Pepsi's responsibility for causing the explosion through its handling of the bottle was greater than that of the manufacturer, Thatcher. The only possible explanation for the particular apportionment reached by the jury may be found in the trial court's charge to the jury, to which counsel for Pepsi duly excepted, wherein it improperly injected the whole issue of protective glasses with the following statement: "If the Plaintiff had been issued protective goggles which were still required and available to be worn in 1972, five years later, then you must determine whether the Plaintiff's failure to wear such protective goggles was the proximate cause of his injury. In other words, if the goggles issued in 1967 were still available and provided in 1972, would the wearing of such equipment have prevented the injury to the Plaintiff's eye?" Under this charge the jury was erroneously given the opportunity to consider Pepsi's failure to provide protective goggles in the midst of its deliberations regarding the respective responsibilities of the defendants in causing the explosion (see *Spier v Barker, supra; Dillon v Humphreys, supra*). Accordingly, I dissent and vote to grant a new trial.