OPINION OF THE COURT
Memorandum.
Order of the court below (89 Mise 2d 1078) modified to the extent of striking the provisions requiring plaintiffs to appear at an examination, complaint reinstated, and, as so modified, affirmed, without costs.
*326 - The failure of the Legislature to include districts other than school and fire districts in section 50-h of the General Municipal Law indicates that the exclusion of other districts was intended. It is not for the courts to correct supposed errors, omissions or defects in legislation (Meltzer v Koenigsberg, 302 NY 523; Martin v Martin, 58 Misc 2d 459; see, generally, McKinney’s Cons Laws of NY, Book 1, Statutes, §§ 73, 74). Any possible omission in section 50-h should be remedied by the Legislature, not by the court.
Moreover, it is our view that the court properly denied plaintiffs’ motion for summary judgment striking the affirmative defense of contributory negligence as against the plaintiff passengers in the present posture of the case. This negligence action arose out of a collision in which the four plaintiffs, a driver and three passengers, were in one of the vehicles. Generally, the courts have been manifestly reluctant to grant summary judgment in automobile negligence cases because of their concern to preserve a party’s right to trial (see Connell v Buitekant, 17 AD2d 944; Small v Tyres, 33 AD2d 1055; see, also, the following Appellate Division, Second Department, cases: Harvey v Dileno, 35 AD2d 668; Cicero v Clark, 23 AD2d 583; Thum v Zraick, 12 AD2d 772; Donahue v Romahn, 10 AD2d 637; Phelan v Houghton, 9 AD2d 767). There are times when summary judgment must be denied although there is no dispute as to how the accident occurred (Cooper v Greyhound Bus Corp., 13 AD2d 173, 174). Further, the doctrine of comparative negligence applies to the case at bar. By virtue thereof, the defendants now have the burden of pleading and proving contributory negligence, characterized as “culpable conduct” (CPLR 1412). The courts have been reluctant to grant summary judgment where there may be defenses that depend upon knowledge in the possession of the movant which can be disclosed by cross-examination or an examination before trial (Terranova v Emil, 20 NY2d 493, 497). Undeniably, there are circumstances in which a passenger may be contributorily negligent in a negligence action against a third party (see, e.g., 4A NY Jur, Automobiles and Other Vehicles, § 836; Kalechman v Drew Auto Rental, 33 NY2d 397, 401). There *327 fore, as above indicated, denial of the motion in behalf of plaintiff passengers to dismiss the affirmative defense of contributory negligence was proper (Kopperman v Zar, 62 Misc 2d 940; cf. Rodriguez v Gambetta, 52 Misc 2d 189).
Glickman, P. J., Pittoni and Silberman, JJ., concur.