OPINION OF THE COURT
Stanley Harwood, J.
Motion by defendants to dismiss the action as time barred is denied.
According to the documents submitted on this motion, on September 9, 1982, plaintiff, who is blind, fell to the railroad tracks from a passenger platform owned or operated by defendants. Plaintiff was seriously injured, hospitalized for two months, underwent a lengthy home confinement and will suffer a permanent shortening of his leg. He timely filed a notice of claim (see Public Authorities Law, § 1276, subd 2; see, also, General Municipal Law, § 50-e) and in December, 1982, defendants served a demand for oral examination. They cited as their authority for the demand section 50-h of the General Municipal Law. (But see Public Authorities Law, § 1276, subd 4; Fitzgerald v Sanitation Dist. No. 6, 116 Misc 2d 325; Redding v New York City Tr. Auth., 212 NYS2d 494.) In February, 1983, plaintiff appeared for examination with his attorney, to *981 whom a copy of the transcript of the “Municipal Hearing” held “pursuant to Section 50H of the General Municipal Law” was sent. Plaintiff commenced this action for damages by service of a summons on defendant Long Island Railroad on December 1,1983, and on defendant Metropolitan Transportation Authority on December 5, 1983. By the complaint served on February 20, 1984, plaintiff alleges that the action was commenced within one year and 90 days of the accident. (See General Municipal Law, § 50-i.)
Defendants now move to dismiss pursuant to CPLR 3211 (subd [a], par 5) on the ground that the action was not commenced within one year and 30 days, as required by subdivision 2 of section 1276 of the Public Authorities Law. In opposition to the motion, plaintiff claims that the state of shock and depression caused by the accident, the lengthy home confinement, the permanent nature of his injuries, as well as other personal crises unrelated to the accident, all operated to toll the statute. (See CPLR 208.) Plaintiff also urges that, by conducting a hearing under the “aegis” of the General Municipal Law, and by their several references to the examination as a “municipal hearing”, defendants induced plaintiff to follow the procedural scheme, including the Statute of Limitations, of that law.
With respect to his first argument, plaintiff has failed to establish the existence of an issue as to whether he was “insane” within the meaning of CPLR 208, i.e., that he was unable to function in society and to protect his rights. (See McCarthy v Volkswagen of Amer., 55 NY2d 543; Eisenbach v Metropolitan Transp. Auth., 97 AD2d 808.) Indeed, notwithstanding his lengthy recovery and mental depression, plaintiff was sufficiently able to protect his rights so as to timely file a notice of claim, attend the oral examination demanded by defendants and, through the offices of his attorney, to commence the action shortly before expiration of the Statute of Limitations provided for in section 50-i of the General Municipal Law.
A question remains, however, as to whether defendants should be estopped or otherwise prevented from asserting the ordinarily applicable but shorter Statute of Limitations set forth in subdivision 2 of section 1276 of the Public *982 Authorities Law. (See Andersen v Long Is. R. R., 88 AD2d 328, affd on other grounds 59 NY2d 657.) While a party against whom litigation is contemplated is not obligated to instruct a potential plaintiff as to the proper procedures to follow (Triple Cities Constr. Co. v Maryland Cas. Co., 4 NY2d 443), neither is he privileged to divert attention from the applicable Statute of Limitations, although that is usually accomplished by way of settlement negotiations. (Supra.) Fraudulent intent is not required (Robinson v City of New York, 24 AD2d 260) provided there has been a misrepresentation or other conduct calculated to mislead and upon which a plaintiff relies in forbearing from timely commencement of the action. (Supra.) Moreover, regardless of any calculated effort to mislead, parties to civil litigation may consent formally or by conduct to the law to be applied to a given case. (See Martin v City of Cohoes, 37 NY2d 162; see, also, Chemical Bank v Buxbaum, 76 AD2d 850.)
It is true that here there is no indication that it was settlement negotiations which lulled plaintiff into inactivity. And it is apparent from the allegations of the complaint that plaintiff and his attorney were each ignorant of the provisions of the Public Authorities Law. (See Pasmear Inn v General Acc. Fire & Life Assur. Corp., 44 AD2d 647.) But it appears that defendants do not come within the provisions of section 50-h of the General Municipal Law (see Fitzgerald v Sanitation Dist. No. 6, supra; Redding v New York City Tr. Auth., supra; cf. Public Authorities Law, § 1276, subd 4) and they do not attempt to justify or explain their citation of it as a basis for the “municipal hearing” held in February, 1983. The provisions of Public Authorities Law are not widely appreciated (cf. Andersen v Long Is. R.R., supra) and defendants’ references to the General Municipal Law in their correspondence with plaintiff and his attorney are indicia either of calculated efforts to mislead them into reliance on the inapplicable and slightly longer Statute of Limitations or of defendants’ own ignorance. If the former, defendants have by their conduct actively encouraged the ignorance of the law which they also claim is no basis for estoppel and they must bear the consequences. In the unlikely event it is the *983 latter, defendants by their conduct have consented to the application of the General Municipal Law to this case. And in either instance, defendants’ conduct mandates denial of the motion.