OPINION OF THE COURT
Peter A. Schwerzmann, J.
This decision and order addresses motions requesting summary judgment as to defendant David T. Gavan, M.D., who seeks an order granting summary judgment on the basis that plaintiff failed to serve a notice of claim within the statutory time period, dismissing plaintiff’s strict and absolute liability claims, and striking the allegations regarding Dr. Gavan’s employment history, medical condition and licensing issues as contained in the first amended complaint. In response to Dr. Gavan’s motion, plaintiff filed a cross motion pursuant to CPLR 3212, seeking summary judgment against David T. Gavan, M.D. in favor of the plaintiff.
The court having considered the various submissions by the parties with regard to the outstanding issues, and the court having heard arguments concerning the motions, and the matter having been submitted to this court and due deliberation having been had thereon, the court makes the following findings of fact and conclusions of law:
Dr. Gavan argues that the instant action should be dismissed based upon the theory that the short statute of limitations under General Municipal Law § 50-e applies to him, because he was working in his capacity as a designee of the Jefferson County director of community services when he treated plaintiff and is thus entitled to indemnification by Jefferson County. Defendant Gavan argues that plaintiff has failed to comply with Mental Hygiene Law § 41.29 and General Municipal Law §§ 50-e and 50-i (1) (a) by failing to serve a notice of claim. The service of a notice of claim is a condition precedent to the commencement of an action against an officer, appointee or employee of the county mental health community services office who is sued for acts or omissions performed in his or her official capacity. Second, defendant Gavan argues that plaintiff has failed to comply with the time limitations of General Municipal Law § 50-i (b) because this action was commenced more than one year and 90 days from the time the claim arose.
Defendant Gavan relies on this court’s decision in the similar, but unrelated, matter of Osmundson v Wagar & Samaritan Med. Ctr., which also dealt with involuntary admission and the alleged negligent examination of the plaintiff therein on the *173 certificate of a designee of the director of community services. In that case, defendant Wagar moved for summary judgment against the plaintiff therein based upon section 41.29 of the Mental Hygiene Law, which provides that no action against a local government, board member, officer, or employee may be maintained unless a notice of claim is made in compliance with the notice of claim provisions contained in General Municipal Law § 50-e. This court agreed with defendant Wagar’s arguments and dismissed the complaint.
Defendant Gavan is now asking this court to apply the holding in Osmundson v Wagar & Samaritan Med. Ctr. to the instant case. Plaintiff in the instant case has set forth a more vigorous defense to the motion than did the pro se plaintiff in the court’s earlier review of this statute. Accordingly, this issue must be reviewed in light of plaintiff Anderson’s more numerous arguments.
General Municipal Law § 50-e (1) (a) requires that in any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an action or special proceeding against a public corporation, as defined by law (see, General Construction Law § 66 [1]), or any officer, appointee, or employee thereof, a notice must be given in compliance with the provisions of the statute, within 90 days after the claim arises. However, service of a notice of claim upon an officer, appointee or employee of a public corporation is not a condition precedent to the commencement of an action or special proceeding against such person, and if an action or special proceeding is commenced against such person, but not against the public corporation, service of the notice of claim upon the public corporation will be required only if the corporation has a statutory obligation to indemnify such person.
Mental Hygiene Law § 41.29 states that a local government which has established a local government unit shall save harmless a board member, officer, or employee of the unit from any claim, demand, suit, judgment by reason of alleged negligence to any person arising out of actions performed in the discharge of his duties and within the scope of his employment. Further, Mental Hygiene Law § 41.29 states that an action under this section against a local government, board member, officer, or employee may not be maintained unless a notice of claim is made in compliance with the notice of claim provisions contained in General Municipal Law § 50-e.
The first question that must be resolved is whether Dr. Ga-van is entitled to indemnification under section 41.29 of the *174 Mental Hygiene Law. Dr. Gavan was an unpaid designee of Larry Tingley, the director of community services for Jefferson County, who was a paid employee of the Jefferson County community services board. Larry Tingley is not a physician. This situation is addressed in section 41.09 (b) of the Mental Hygiene Law, which provides that “[i]f the director is not a physician, he shall not have the power to conduct examinations authorized to be conducted by an examining physician or by a director of community services pursuant to this chapter but he shall designate an examining physician who shall be empowered to conduct such examinations on behalf of such director.” Therefore, Mr. Tingley was required to appoint physicians like Dr. Gavan to assist him in performing his duties. Thus, an agency relationship is contemplated under the statute where a director is not a physician.
Had Mr. Tingley been a physician and conducted the very same examination of plaintiff, there is no question that he would have been entitled to indemnification. It follows that Dr. Gavan should have the same protection where he properly acts as designee, or an agent, of the director of community services. An agent is a person who acts in the place of the principal by authority from the principal. (2A NY Jur 2d, Agency and Independent Contractor § 1.) The agent is one who, by authority of the principal, undertakes to transact some business or manage some affairs on the principal’s account. (Id.) Under the general rule, where an agent defends a suit arising out of business properly conducted on the principal’s behalf, the agent is entitled to indemnification. (See, 2A NY Jur 2d, Agency § 247.)
Dr. Gavan was clearly acting within his role as designee for the director of community services when he examined plaintiff and made the recommendation for her admission. Plaintiff argues that such designation was illegal and in violation of section 9.05 (a) (3) of the Mental Hygiene Law because Dr. Ga-van did not qualify as an examining physician because he was on the staff of the “proprietary facility” to which it was proposed to admit plaintiff. Plaintiff, however, misconstrues the term “proprietary facility” by assuming that either House of the Good Samaritan Hospital or Mercy Hospital of Water-town were proprietary facilities, without supplying proof thereof.
The Mental Hygiene Law does not define “proprietary facility.” However, it does define “facility” as “any place in which services for the mentally disabled are provided and includes but is not limited to a psychiatric center, developmen *175 tal center, institute, clinic, ward, institution, or building, except that in the case of a hospital as defined in article twenty-eight of the public health law it shall mean only a ward, wing, unit, or part thereof which is operated for the purpose of providing services for the mentally disabled.” (Mental Hygiene Law § 1.03 [6].) “Proprietary” is not defined in the Mental Hygiene Law, so the common meaning is used in this case, which is defined as a privately owned and managed profit-making organization. (Webster’s Ninth New Collegiate Dictionary 1983.) Because House of the Good Samaritan is a not-for-profit hospital, paragraph (2) of subdivision (a) of section 9.05 of the Mental Hygiene Law would seem to be more applicable in the instant matter. There is no proof that Dr. Gavan is disqualified thereunder.
Accordingly, this court finds that in the context of Mental Hygiene Law § 9.05 (a), Dr. Gavan was not disqualified as an examining physician. Since Dr. Gavan was a qualified examining physician designated by the director of community services and he was acting within the scope of those duties, he is entitled to the protections of indemnification found in section 41.29 of the Mental Hygiene Law. As a result, plaintiff has a duty to comply with that section and to serve a notice of claim in compliance with section 50-e of the General Municipal Law.
Plaintiff argues that because Dr. Gavan was not a “member of the board, or an officer, or employee of community services board” as set forth in the statute, he is not protected under Mental Hygiene Law § 41.29. Plaintiff asserts that because Dr. Gavan was not paid for his services, he was not an employee and thus not entitled to the statute’s protection.
The Mental Hygiene Law does not define “employee.” However, Public Officers Law § 18 does so, and is applicable in the instant matter. Clearly, the Jefferson County community services board is a “public entity” as defined under the Public Officers Law. Public Officers Law § 18 (1) (b) defines the term “employee” to include “any * * * person holding a position by election, appointment or employment in the service of a public entity, whether or not compensated.” Plaintiffs argument that because Dr. Gavan was not paid for being a designee to the director of community services he could not be considered an “employee” and therefore was not entitled to the protections under section 41.29 of the Mental Hygiene Law is without merit. This court finds that for the purposes of indemnification under the Mental Hygiene Law, Dr. Gavan was an “employee.”
Clearly, Dr. Gavan was acting in his capacity as the designee of the director of community services when he examined the *176 plaintiff and made the application for her involuntary admission. Accordingly, Jefferson County has an obligation to “save harmless” Dr. Gavan from claims arising from his actions as designee of a director of community services during the October 14, 1993 examination of plaintiff. Pursuant to Mental Hygiene Law § 41.29 and General Municipal Law § 50-e (1) (b), plaintiff was required to file a notice of claim with Jefferson County, notwithstanding the fact that she was commencing the action against Dr. Gavan individually.
A question remains regarding the capacity in which Dr. Ga-van was acting in on October 23, 1993, when he saw plaintiff and made the following entry into the patient’s progress notes: “Continues catatonic with some vomiting yesterday. Going to Walter Re[e]d for full evaluation. Leaving about 3 pm today.” It is undisputed in the record that Dr. Santana was plaintiff’s attending physician. Dr. Santana’s name is on all of the medical records as plaintiff’s doctor during her admission on October 14, 1993, until her discharge on October 23, 1993.
Dr. Gavan’s own notes beg the question what more could he have done when plaintiff was being discharged to Walter Reed Army Medical Center for a “full evaluation” that very same day. Plaintiff argues that she needed the professional expertise of a neurologist in order to properly diagnose and treat her. It was not within Dr. Gavan’s power to provide plaintiff with the services of a neurologist any faster than they had already been scheduled. It is undisputed that there were no neurological services available in Jefferson County during 1993. Any referral by Dr. Gavan of plaintiff to another hospital on October 23, 1993 would have been of no benefit to her based upon the fact that the referral to Walter Reed had already been made and such transfer was to occur that day.
Plaintiff argues that indemnification under the Mental Hygiene Law does not apply because Dr. Gavan was a part of plaintiff’s “treatment team.” It cannot be argued that Dr. Ga-van’s observations of plaintiff and notes made to her record constitute treatment based upon the undisputed facts herein. Plaintiff fails to produce any facts that would support this conclusion or show that Dr. Gavan had any duty to plaintiff.
Accordingly, plaintiff has failed to raise a question of fact regarding Dr. Gavan’s professional capacity in the treatment of plaintiff. Lacking such facts, this court finds that Dr. Gavan, acting as the designee of the director of community services, was covered by Mental Hygiene Law § 41.29, and as a result plaintiff was required to comply with section 50-e of the General Municipal Law.
*177 Case law supports this assertion made by defendant Gavan. (See, Fitzgerald v Sanitation Dist. No. 6 of Town of Hempstead, 89 Misc 2d 1078, mod on other grounds 116 Misc 2d 325; Fitzgerald v Lyons, 39 AD2d 473.) In Fitzgerald v Lyons, the Appellate Division, Fourth Department, held that where a municipality is required to indemnify an employee who was found liable for negligence in the discharge of his duties or if he was acting within the scope of his employment, the provisions of a notice of claim and shorter period of limitations under the General Municipal Law must be afforded to the defendant employee even if the action is commenced against the employee individually. While the facts in Fitzgerald v Lyons are quite different from the instant case, the law is the same.
There, the employee defendant being sued was a city engineer who was involved in an automobile accident that occurred while defendant was on his way home from work. The Appellate Division held that it was for the city’s special benefit, rather than for the city engineer’s personal convenience, that permission was given to the engineer, who was on 24-hour call, to operate the city-owned motor vehicle between home and work. Further, the engineer was acting within the scope of his employment when he was involved in said accident, and was entitled to indemnification by the city under said statute for any loss occasioned by his negligent operation of the vehicle, and he was further entitled to the protection afforded by the short statute of limitations, so that the action, which was not commenced within one year and 90 days of the date of the accident, was barred.
In this case plaintiff has made no attempt to serve a notice of claim. Likewise, plaintiff has failed to commence this action within the required one year and 90 days as required by General Municipal Law § 50-i (1) (c). The cause of action which plaintiff complains of occurred on or about October 14, 1993, when Dr. Gavan examined her at Samaritan Medical Center. Such examination was the impetus for her involuntary admission, which admission ended on or about October 23, 1993. Plaintiff did not commence her action against the defendants herein until March 28, 1996, which is more than one year and 90 days past the latest date upon which plaintiff’s claim could have arisen. Accordingly, the defendant, David T. Gavan, M.D., is entitled to the protection afforded by the shorter statute of limitations under the General Municipal Law.
Given the court’s decision herein, the other issues and arguments raised by both plaintiff and defendant Gavan are moot.
*178 Now upon the foregoing motions, it is ordered that plaintiffs cause of action against defendant David T. Gavan, M.D. is hereby time-barred; and it is further ordered that plaintiffs summons and complaint against defendant David T. Gavan, M.D. is hereby dismissed.