BELDEN *v.* BLACKMAN.

1. EQUITY PRACTICE—BILL TO ENFORCE JUDGMENT—DEMURRER—ATTORNEY AS COMPLAINANT—JUDICIAL NOTICE.

The Supreme Court will not take judicial notice that the complainant in a bill to enforce a judgment is the same person as one bearing the same name who is an attorney of the court, upon a demurrer which sets up the statute (2 How. Stat. § 7185) prohibiting attorneys from purchasing claims for the purpose of instituting suit thereon.

2. SAME.

Nor, conceding the identity of the parties, will the court assume, from the fact that the bill demurred to was filed three days after the purchase of the judgment by complainant, that the purchase was for the purpose prohibited by the statute.

3. SAME—STATEMENTS IN DEMURRER—CONCLUSIVENESS.

While complainant is not bound by a statement of fact in a demurrer, defendant cannot complain if the court, in passing upon the demurrer, assumes it to be true.

4. LIMITATION OF ACTIONS—CAUSE ARISING WITHOUT STATE.

The saving to the creditor, in the statute of limitations, of

the time that the debtor is absent from the State, applies to causes of action which accrue without the State between nonresidents.

Appeal from superior court of Grand Rapids; Burlingame, J. Submitted October 7, 1898. Decided November 1, 1898.

Bill by William P. Belden against R. Amelia Blackman, executrix of the last will and testament of Ezekiel Jewett, deceased, and George W. Barker, a legatee, to restrain the payment of a legacy. From an order overruling a demurrer to the bill, defendant Blackman appeals. Affirmed.

*McGarry & Belden*, for complainant.

*C. H. Gleason*, for appellant.

MOORE, J. This is an appeal from an order overruling a demurrer to a bill in chancery.

The bill alleges, in substance, that complainant is the owner of a judgment rendered before a court of record in the State of New York in December, 1877, for upwards of $500, at the suit of one Watkins, against George W. Barker, and that said judgment is still in full force and effect, and of the present value of $1,200; that in August, 1897, it was assigned for a valuable consideration by Watkins to complainant. The bill further states that the defendant is executrix of the last will and testament of Ezekiel Jewett, deceased; that by the terms of the will said George W. Barker is entitled to a legacy of $500, and may be entitled to a larger sum, and, unless restrained by the order of the court, the executrix will pay over to Barker said sum of money. It is further stated that Barker is a resident of Arkansas, and has no property in the State of Michigan subject to garnishment or other process, and is and has been insolvent ever since the rendition of said judgment; that complainant will suffer irreparable

injury unless the executrix is restrained from paying the legacy. The bill prays a receiver may be appointed to take charge of said legacy, and to pay the same to the satisfaction of the claim of complainant. It also contains a general prayer for relief. The bill is signed, "William P. Belden, Complainant. Walbridge & Belden, Solicitors for ·Complainant."

The reasons stated in the demurrer, so far as it is necessary to repeat them here, are as follows:

"1. Because it appears by the said bill of complaint that the said complainant is an attorney at law and solicitor in chancery and a counselor, and that he purchased the judgment referred to in said bill of complaint on the 28th day of August, 1897, with the intent and for the purpose of bringing suit thereon; and that this suit, based on said judgment, was begun by him in this court on the 31st day of August, 1897,—all of which is contrary to the provisions of the statutes of the State of Michigan, and especially contrary to the provisions of section 7185 of volume 2 of Howell's Annotated Statutes, being the statutes of the State of Michigan.   *   *   *

"4. Because, if the said complainant and the said Ira W. Watkins, or either or both of them, ever had or obtained in any court of the State of New York a judgment against said defendant George W. Barker to the amount, including damages and costs, of $506.97, or in any other amount,—which this defendant doth in no sort admit,—the said judgment was obtained more than 19 years before the same was assigned to said complainant, and more than 19 years before the said bill of complaint was exhibited in this honorable court; and the said defendant does not now reside, and has never resided, in the State of Michigan, and has in no way recognized said judgment, or paid anything thereon, within said 19 years; and, if the said judgment ever had any binding force or effect, it is now wholly outlawed, illegal, and void, and cannot be made the basis of an action in any court in the State of Michigan."

As to the first of these reasons: It does not appear in the bill that complainant is an attorney at law and solicitor in chancery, but it is urged complainant is a solicitor of this court, and the court will take judicial notice of its

own officers, including attorneys, and their signatures and official acts; citing *Norvell* v. *McHenry*, 1 Mich. 233; *Johnson* v. *Delbridge*, 35 Mich. 439. These authorities do not sustain the doctrine as broadly stated by counsel. There is nothing to show that the William P. Belden who is the complainant is the same William P. Belden who is an officer of this court. Nor is there anything to show that the purpose for which the judgment was assigned to him is the one prohibited by the statute.

As to the second reason stated: If it was necessary to state in the bill sufficient facts to prevent the statute of limitations from running against this claim, the statements contained in the demurrer supply that defect by showing the defendant does not now, and never has, resided in the State of Michigan. While the complainant is not bound by the statement of facts contained in the demurrer, the defendant cannot complain if the court assumes they are true. It is said by counsel the statute does not apply to a right of action which accrued without the State between parties who were at the time nonresidents, but applies only to actions that accrue within the State. The courts of New Jersey and Texas sustain the doctrine as contended. Our statute is like that of Massachusetts and New York. The statutes of those States have been construed as applying to causes of action which accrued without the State between nonresidents. *White* v. *Bailey*, 3 Mass. 270; *Wilson* v. *Appleton*, 17 Mass. 180; *Bulger* v. *Roche*, 11 Pick. 36 (22 Am. Dec. 359); *Carpenter* v. *Wells*, 21 Barb. 593; *Power* v. *Hathaway*, 43 Barb. 214; *Miller* v. *Brenham*, 68 N. Y. 83. We think the last-named cases should be followed here.

A bill of complaint similar to this was sustained in *Earle* v. *Kent Circuit Judge*, 92 Mich. 285.

The order is affirmed, with costs against defendant, as executrix, to be paid out of the fund belonging to Barker.

MONTGOMERY, HOOKER, and LONG, JJ., concurred. GRANT, C. J., did not sit.