■ IRENE R. LACKS, Respondent, v KENNETH R. MARCUS et al., Individually and Doing Business as MCDONOUGH SCHNEIDER & MARCUS and MCDONOUGH SCHNEIDER MARCUS COHN & TRETTER, Appellants. K. RICHARD MARCUS et al., Individually and Doing Business as MCDONOUGH SCHNEIDER & MARCUS, Appellants, v IRENE R. LACKS, Respondent.—Order, Supreme Court, New York County, entered March 8, 1978, granting reargument and on reargument adhering to the initial determination granting respondent's motion to consolidate the two above-entitled actions and denying appellants' motion to dismiss the complaint of Irene Lacks, is modified, on the law, to the extent of granting appellants' motion to dismiss respondent's first cause of action in the complaint verified by Irene Lacks on September 28, 1977, as barred by the Statute of Limitations, and otherwise affirmed, without costs and without disbursements. The appeal from the portion of the order granting consolidation is deemed abandoned. Appeal from the order of Supreme Court, New York County, entered January 25, 1978, is dismissed as academic, without costs and without disbursements, said order being superseded by the order of March 8, 1978. The first cause of action is one for malpractice. It accrued, if at all, in 1970 or earlier. The present action was instituted September 28, 1977. The Statute of Limitations in actions for malpractice is three years. (CPLR 214, subd 6.) The action is thus barred unless the Statute of Limitations has been tolled. It is argued that the statute was tolled by CPLR 208 in that "at the time the cause of action accrues" plaintiff was "insane" and that therefore "the time within which the action must be commenced shall be extended to three years after the disability ceases". (CPLR 208.) There is no showing whatever that plaintiff was insane at the time the cause of action accrued in 1970. It is true that a year and a half later a guardian ad litem was appointed for plaintiff in one of her lawsuits. But even that guardianship ad litem terminated on March 26, 1974, more than three years before the commencement of this action. Nor was the guardian appointed on a finding of insanity. In interpreting the meaning of the word "insane" as used in CPLR 208, we should be "guided by the manifest purpose of the tolling statutes, to wit, 'to relieve from the strict time restrictions any person who actually lacks the ability and capacity, due to mental affliction, to pursue his lawful rights' *(Sobin v. Frisch & Sons,* 108 N. J. Super. 99, 104)." *(Matter of Hurd v County of Allegany,* 39 AD2d 499, 502.) On these papers, we are unable to see any

evidence that plaintiff was "insane" within the meaning of the statute. Whatever disability plaintiff had was surely not a disability to pursue her lawful rights or to sue. She has been engaged in lawsuits arising out of this and related matters continuously from before 1970 until today. (See *Lacks v Lacks,* 29 AD2d 854; 39 AD2d 485; 40 AD2d 764; 50 AD2d 785, affd 41 NY2d 71; 58 AD2d 753; 61 AD2d 1144, 1145; 63 AD2d 809; *Lacks v Sepahbodi,* 78 Misc 2d 582; *Lacks v Moore,* 61 AD2d 919; *Lacks v City of New York,* 63 AD2d 869.) Concur—Kupferman, J. P., Birns, Lane and Silverman, JJ.

Sandler, J., concurs in the result only.