OPINION OF THE COURT
Gabrielli, J.
The issue posed upon this appeal is whether an injured plaintiff may successfully assert the toll of the Statute of Limitations for the disability of insanity, created by CPLR 208, upon the claim that he had suffered from a post traumatic neurosis.
Plaintiff was seriously injured on July 26,1974 when the 1965 Volkswagen he was operating struck a utility pole and burst into flames. As a result of the accident plaintiff suffered massive injuries, including severe fractures and extensive burns. Plaintiff later commenced this personal *546 injury action against Volkswagen of America on September 28, 1978 and against Volkswagen Aktiengesellschaft on January 5,1979. Defendants then moved to dismiss the action as barred by the three-year Statute of Limitations provided by CPLR 214 (subd 5).
In opposition to this motion to dismiss, plaintiff asserted that the running of the Statute of Limitations was tolled by virtue of his claimed disability of insanity.[1] CPLR 208 provides, in pertinent part, that where a person is under a disability of “insanity” at the time his cause of action accrues, the limitations period in a personal injury action will be extended to three years after the disability ceases.[2]
At a hearing to determine plaintiff’s mental condition during the period of time surrounding the accident, plaintiff’s psychiatric expert testified that plaintiff was suffering from a condition known as “post traumatic neurosis”. Although it was established that plaintiff could function normally in many respects shortly after the accident, the expert opined that as a result of this neurosis plaintiff had attempted to repress and forget as much of the accident as possible and therefore would have had difficulty in cooperating with counsel or understanding his rights regarding the accident. Defendant’s expert concluded, in contrast, that plaintiff was not previously unable to protect his rights. The record discloses that in February, 1975, plaintiff successfully entered college, and shortly thereafter he resumed participation in athletics and returned to his job as a stock clerk in a supermarket. In fact, during the period of plaintiff’s claimed insanity, he was named as a defendant in an action by a passenger in the accident vehicle, and on September 17, 1975, less than 14 months after the accident, a third-party complaint against the City of New York was filed on his behalf seeking indemnification for damages which might be recovered by that passenger.
*547 Special Term accepted the theory that plaintiff was suffering from post traumatic neurosis and concluded that he had therefore been insane within the meaning of CPLR 208. The Appellate Division reversed, on the law and the facts, holding that Special Term erred in making this finding. The court observed that the record contains sufficient evidence to conclude that, at least since February, 1975, plaintiff was able to manage his business affairs and estate and to comprehend his own legal rights and liabilities. The court went on to conclude that it cannot be said that during this period plaintiff was suffering from a temporary mental incapacity which prevented him from understanding or protecting his legal rights.
Plaintiff now maintains that his claim of post traumatic neurosis, manifesting itself in an inability to confront the memory of his accident, falls within the scope of the toll for insanity contained in CPLR 208. Defendants, on the other hand, contend that this is insufficient, implying that the insanity toll of CPLR 208 contemplates proof of an individual’s over-all inability to deal with his general affairs, rather than simply a specific inability to deal with his affairs in relation to the accident.
In general, Statutes of Limitation are creatures of the legislative rather than the judicial process (see 1 Weinstein-Korn-Miller, NY Civ Prac, par 201.01). Similarly, the various tolling provisions to the Statutes of Limitation are largely, if not exclusively, the product of legislative design. Because the toll of the Statute of Limitations for the disability of insanity is a product of statutory law, our examination of the scope of this toll requires a determination of the legislative intent underlying the statute.
We begin by noting that the statute itself provides no definition of the term “insanity”. Additionally, there is scant case law in this area. We have previously held that insanity need not have been adjudicated at the time the cause of action accrued (Hammer v Rosen, 7 NY2d 376), and it has also been held that a temporary mental affliction arising from the accident in question may give rise to the toll for insanity (see Matter of Hurd v County of Allegany, 39 AD2d 499). In the present case, however, the *548 issue is whether an individual capable of managing his general business and social affairs, yet assertedly incapable of dealing with the fact of a previous accident, may claim the toll for insanity. Some guidance may be gleaned from the general purposes behind the Statutes of Limitation and the specific legislative history of the tolling provision for insanity.
Statutes of Limitation are essentially arbitrary time limitations barring the commencement of an action, and they reflect the legislative judgment that individuals should be protected from stale claims (see 1 Weinstein-Korn-Miller, NY Civ Prac, par 201.01). As time passes, the defense of an action may become more difficult. Statutes of Limitation therefore have aptly been described as statutes of repose. Accordingly, the tolling provisions should not readily be given an expansive interpretation tending to undermine the basic purposes behind the Statutes of Limitation.
Indeed, the legislative history of CPLR 208 indicates that the Legislature intended the toll for insanity to be narrowly interpreted. When the CPLR was enacted, the Advisory Committee on Practice and Procedure reviewed the possibility of substituting the phrase “mental illness” for the term “insanity” contained in the tolling provision. This suggestion was rejected because of the fear that this change might result in unwarranted extensions of the time within which to commence an action (Fifth Rep of NY Adv Comm, NY Legis Doc, 1961, No. 15, p 43).
With this background, we must interpret the term “insanity” within the context of the case at hand. Although the condition of an individual’s mental capabilities is largely a factual question, the toll claimed by plaintiff in this instance is untenable as a matter of law. In view of the refusal of the Advisory Committee and the Legislature to broaden the scope of the CPLR insanity toll, we believe that the Legislature meant to extend the toll for insanity to only those individuals who are unable to protect their legal rights because of an over-all inability to function in society. The statute, in our view, cannot be interpreted as *549 providing a toll of the Statute of Limitations to an individual claiming a mere post traumatic neurosis.[3]
In reaching this conclusion, it should be noted that a contrary interpretation of the statute could greatly and perhaps inappropriately expand the class of persons able to assert the toll for insanity and could, concomitantly, weaken the policy of the Statutes of Limitation as statutes of repose. The expansion of the statute in the manner asserted by plaintiff therefore might best be reserved for legislative attention (cf. Thornton v Roosevelt Hosp., 47 NY2d 780).
Accordingly, since the Appellate Division properly concluded that plaintiff’s action was time barred by the applicable Statute of Limitations, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed, with costs.

. Plaintiff, who was 17 years of age at the time of the accident, reached the age of 18 on December 7, 1974. Although the toll for infancy (CPLR 208) applied in this case, it was, of course, not determinative.

. The disability toll cannot result in an extension of more than 10 years from the accrual of the claim (CPLR 208).

. To the extent that the holdings in Prude v County of Erie (47 AD2d 111) and Matter of Hurd v County of Allegany (39 AD2d 499, supra) may be interpreted as standing for the proposition that the existence of a post traumatic neurosis may be equated with the term “insanity” as used in CPLR 208, those cases are not to be followed.