■ ROBERT EISENBACH, Respondent, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Appellants. — In an action to recover damages for personal injuries, defendants appeal from an order of the Supreme Court, Kings County (Pizzuto, J.), dated May 26, 1983, as amended by an order of the same court dated June 7, 1983, which, upon defendants' motion to dismiss the complaint as barred by the Statute of Limitations and plaintiff's cross motion for a hearing thereon, directed a jury trial on the issue of whether plaintiff was "insane" within the meaning of CPLR 208, and, if so, for how long he was under such disability. The amended order under review is not appealable as of right (*Bagdy v Progresso Foods Corp.,* 86 AD2d 589). Leave to appeal is hereby granted by Justice Mangano. Order as amended, reversed, on the law, with costs, motion granted, cross motion denied, and complaint dismissed. On or about November 12, 1982, plaintiff commenced an action to recover for injuries he sustained on August 23, 1981 while he was a passenger aboard a Long Island Railroad train. Defendants moved to dismiss the complaint as barred by the applicable one-year Statute of Limitations set forth in subdivision 2 of section 1276 of the Public Authorities Law. In opposition, plaintiff argued that pursuant to CPLR 208 the Statute of Limitations was tolled for the length of time he was hospitalized and unable to understand or protect his rights due to the continuous administration of narcotic painkillers. The Court of Appeals held in *McCarthy v Volkswagen* (55 NY2d 543) that an inability to function in

society and protect one's rights is a necessary element of insanity within the meaning of CPLR 208 (see, also, *Matter of Hurd v County of Allegany,* 39 AD2d 499). Implicit in the cases construing the word "insanity", as used in CPLR 208, is the requirement that the inability to function in society be a result of mental illness. Plaintiff's contentions concern only his inability to function due to physical, but not mental, side effects of the medication. Special Term erred in ordering a jury trial on the issue of plaintiff's insanity when plaintiff had made no showing that he was disabled due to mental illness. "Although the condition of an individual's mental capabilities is largely a factual question, the toll claimed by plaintiff in this instance is untenable as a matter of law" (*McCarthy v Volkswagen of Amer., supra,* p 548). Mollen, P. J., Mangano, Thompson and Boyers, JJ., concur.