### HAMANN v AMERICAN MOTORS CORPORATION

Docket No. 67682. Submitted November 3, 1983, at Detroit.—Decided December 28, 1983.

Michael Hamann, a resident of Tennessee, was injured when the Jeep CJ-5 which he was driving in Tennessee was involved in an accident. Hamann and his wife, Denise Hamann, brought suit in Wayne Circuit Court against American Motors Corporation, Jeep Corporation, and American Motors Sales Corporation, alleging that the defendants were negligent in designing, manufacturing, and selling the Jeep CJ. AMC is a Maryland Corporation with its principal place of business in Southfield, Michigan. Jeep is a Nevada corporation with its principal place of business in Toledo, Ohio, and AMSC is a Delaware corporation with its principal place of business in Southfield, Michigan. Jeep and AMSC are wholly owned subsidiaries of AMC. The court, Roland L. Olzark, J., granted the defendants' motion to dismiss the case based upon the doctrine of *forum non conveniens*. The plaintiffs appealed. *Held:*

The decision of the circuit court should be affirmed. The circuit judge did not abuse his discretion but considered each of the appropriate factors in making his decision. The lower court was willing to accord deference to the plaintiffs' choice of forum but properly decided to decline jurisdiction when the plaintiffs could not point to any significant factors weighing in favor of having the case tried in Michigan.

Affirmed.

1. COURTS — JURISDICTION — *FORUM NON CONVENIENS.*

A balancing out and weighing of factors to be considered in rejecting or accepting jurisdiction in cases where the doctrine

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am Jur 2d, Courts §§ 172, 173, 176.

[2] 20 Am Jur 2d, Courts §§ 173, 175.

[3] 16 Am Jur 2d, Conflict of Laws §§ 98-101.

Modern status of rule that substantive rights of parties to a tort action are governed by the law of the place of the wrong. 29 ALR3d 603.

[4] 20 Am Jur 2d, Courts § 178.

of *forum non conveniens* has been raised should include: (A) the private interest of the litigant in (1) availability of compulsory process for attendance of unwilling and the cost of obtaining attendance of willing witnesses, (2) ease of access to sources of proof, (3) distance from the situs of the accident or incident which gave rise to the litigation, (4) enforceability of any judgment obtained, (5) possible harassment of either party, (6) other practical problems which contribute to the ease, expense, and expedition of the trial, and (7) possibility of viewing the premises; (B) matters of public interest in (1) administrative difficulties which may arise in an area which may not be present in the area of origin, (2) consideration of the state law which must govern the case, and (3) people who are concerned by the proceeding; and (C) promptness in raising the plea of *forum non conveniens.*

2. COURTS — JURISDICTION — *FORUM NON CONVENIENS.*

The doctrine of *forum non conveniens* is applicable in Michigan and it is within the discretion of the trial judge to decline jurisdiction in such cases as the convenience of the parties and the ends of justice dictate.

3. CONFLICT OF LAWS — *LEX LOCI DELICTI.*

The traditional rule of *lex loci delicti* in questions regarding conflict of laws is that, when a cause of action is brought for an injury sustained in a foreign jurisdiction, the substantive rights of the parties are to be automatically fixed and governed by the law of the place where the wrong occurred.

4. COURTS — JURISDICTION — *FORUM NON CONVENIENS.*

A plaintiff's selection of a forum is ordinarily accorded deference; however, where a plaintiff has chosen a forum where none of the parties or witnesses reside, where the law of the forum does not apply, and where none of the operative facts have occurred, that choice of forum is entitled to much less weight under the doctrine of *forum non conveniens* than where there exists a significant nexus between the litigation and the chosen forum.

*Philo, Atkinson, Steinberg, Walker & White* (by *Stanley L. White* and *Richard L. Steinberg),* for plaintiffs.

*Miller, Canfield, Paddock & Stone* (by *Sally L. Geib),* for defendants.

.

Before: BRONSON, P.J., and SHEPHERD and J. P. SWALLOW,* JJ.

PER CURIAM. Plaintiffs appeal as of right the trial court's order granting defendants' motion to dismiss the case for lack of jurisdiction, based upon the doctrine of *forum non conveniens.* We find no error and affirm.

This action arises from an accident in which plaintiff Michael Hamann was allegedly injured when the Jeep which he was driving rolled over. Plaintiffs are residents of Tennessee, and the accident occurred in Tennessee. The sole basis for plaintiffs' decision to file this action in Michigan was the fact that defendant American Motors Corporation (of which the other two defendants are wholly owned subsidiaries) has its headquarters or principal place of business here.

The doctrine of *forum non conveniens* is governed by the principles announced in *Cray v General Motors Corp,* 389 Mich 382, 395-397; 207 NW2d 393 (1973). In that case, the Court focused upon the following factors which must be weighed in deciding whether to accept or reject jurisdiction:

"1. The private interest of the litigant.

"a. Availability of compulsory process for attendance of unwilling and the cost of obtaining attendance of willing witnesses;

"b. Ease of access to sources of proof;

"c. Distance from the situs of the accident or incident which gave rise to the litigation;

"d. Enforceability of any judgment obtained;

"e. Possible harassment of either party;

"f. Other practical problems which contribute to the ease, expense and expedition of the trial;

"g. Possibility of viewing the premises.

* Circuit judge, sitting on the Court of Appeals by assignment.

"2. Matters of public interest.

"a. Administrative difficulties which may arise in an area which may not be present in the area of origin;

"b. Consideration of the state law which must govern the case;

"c. People who are concerned by the proceeding.

"3. Reasonable promptness in raising the plea of *forum non conveniens.*" 389 Mich 396.

Application of the foregoing factors is left to the trial court's discretion. *Cray, supra.*

In the present case, we find no abuse of discretion. The trial court considered each of the factors carefully, noting that there were no witnesses who could be compelled to testify by the Michigan court but not the Tennessee court. On the other hand, defendants pointed out that certain non-party witnesses whom they would want to call are Tennessee residents subject only to compulsory process in the Tennessee court. Plaintiffs made much of the fact that design, manufacturing, and test documentation from defendant Jeep Corporation was in Toledo, a site much closer to the Michigan court than to Tennessee. The trial court aptly replied that it could not do anything to Ohio records that the Tennessee court could not do. Furthermore, defendants maintain that certain documents which they will need to defend this action are in the hands of nonparties in Tennessee.

Other factors also weigh in favor of having this action tried in Tennessee rather than in Michigan.[1] The situs of the accident would be far closer

_____

[1] We find no merit in any suggestion that the final factor listed by the Court in *Cray,* "reasonable promptness in raising * * * *forum non conveniens*" weighs against defendants herein. Although each party took steps which caused delays in the ultimate resolution of this matter, there is no dispute that the issue was at least raised with reasonable promptness. Defendants filed their motion to dismiss for lack of jurisdiction in direct response to plaintiffs' complaint.

to any Tennessee court than to the Michigan court. There would be little, if any, possibility for a jury view of the premises if the case were tried here rather than in Tennessee.

With regard to matters of public interest, the trial court considered some administrative difficulties which might arise, as well as what state law would govern. The court was concerned that, if it were to accept jurisdiction, it might open the floodgates and encourage forum shopping. The trial court also determined that the law of Tennessee would apply pursuant to the doctrine of *lex loci delicti*. See *Sexton v Ryder Truck Rental*, 413 Mich 406, 433; 320 NW2d 843 (1982), and *Severine v Ford Aerospace & Communications Corp*, 118 Mich App 769, 776; 325 NW2d 572 (1982), indicating that the law of the forum state (Michigan) is appropriate only where both plaintiff and defendant are Michigan residents.

The only factor cited by plaintiffs which weighs in favor of having the case tried here is the possibility that some of the witnesses in defendants' employ may leave prior to trial and thus be subject only to compulsory service in Michigan. However, this factor is highly speculative, as plaintiffs have failed to identify any potential witnesses which might fall into this category.

In concluding our review of this issue, we note one final factor which the Supreme Court has identified as significant under circumstances similar to those involved here:

"The Wayne Circuit Court, where this action was filed, has the most crowded civil docket of any court in the state. The burden on our courts and upon the defendant's ability to prepare a defense greatly outweighs the remote interest the plaintiff has shown in behalf of conducting this trial in Michigan." *Anderson v*

*Great Lakes Dredge & Dock Co,* 411 Mich 619, 631; 309 NW2d 539 (1981).

The Court's admonition in *Anderson, supra,* is instructive in any situation such as the present one, where a plaintiff's interest in his chosen forum is slight:

"A plaintiff's selection of a forum is ordinarily accorded deference. * * * Various factors, such as those outlined in *Cray, supra,* 396-397, are to be considered in determining whether the balance strongly favors the defendant. In balancing these factors, one of the considerations is the plaintiff's interest in the chosen forum. When this interest is slight—as when the plaintiff has chosen a forum where none of the parties or witnesses reside, where Michigan law does not apply and where none of the operative facts have occurred—the choice is entitled to much less weight than where there exists a significant nexus between litigation and the chosen forum." 411 Mich 628-629.

In the present case, the court was willing to accord deference to plaintiffs' choice of forum, but properly decided to decline jurisdiction when plaintiffs could not point to any significant factors weighing in favor of having the case tried here. We conclude that the court's order dismissing the case must be affirmed.

Affirmed.