OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Appellant, Robert Eisenbach, in November 1982 commenced this negligence action against respondents, Metropolitan Transportation Authority and Long Island Railroad, alleging that in August 1981, while a passenger, he fell from one of respondents’ trains and was struck by another, sustaining extensive physical injuries. Respondents moved to dismiss the complaint as time-barred (CPLR 3211, subd [a], par 5). The parties have agreed that the applicable limitations period is one year and 30 days; this action was not in fact commenced until one year and 80 days after the accident. The issue presented is whether the limitations period should have been tolled, pursuant to CPLR 208, for the 68-day period following the accident during which appellant, while hospitalized and treated with strong pain-killing drugs, was, in his words, “generally confused, disoriented, and unable to effectively attend to [his] affairs.” Appellant claims that he is entitled to the benefit of the tolling provision because this disability amounted to “insanity” within the meaning of CPLR 208. Special Term denied respondents’ motion to dismiss, concluding that there was a triable issue of fact as to whether appellant’s condition “was such that he was mentally incapable of protecting his rights and handling his own affairs.” The Appellate Division reversed and granted respondents’ motion to dismiss the complaint, holding that “ ‘the toll claimed by [appellant] in this instance is untenable as a matter of law’ ”. (97 AD2d 808, 809.)
In McCarthy v Volkswagen of Amer. (55 NY2d 543) we held that a toll claimed by the plaintiff on the basis of “post *975 traumatic neurosis” was untenable as a matter of law in view of the Legislature’s intention that the toll for insanity be narrowly interpreted and the fact that a contrary interpretation of that statute “could greatly and perhaps inappropriately expand the class of persons able to assert the toll for insanity and could, concomitantly, weaken the policy of the Statutes of Limitation as statutes of repose.” (McCarthy v Volkswagen of Amer., 55 NY2d 543, 548, 549, supra.) The same reasoning applies here. The provision of CPLR 208 tolling the Statute of Limitations period for insanity, a concept equated with unsoundness of mind (De Gogorza v Knickerbocker Life Ins. Co., 65 NY 232, 237), should not be read to include the temporary effects of medications administered in the treatment of physical injuries.* The expansion of the statute to embrace such disability — undoubtedly experienced in varying degrees whenever pain-killing drugs are administered — should be accomplished, if at all, by legislative action.
Chief Judge Cooke and Judges Jasen, Jones, Wacht-ler, Meyer, Simons and Kaye concur.
Order affirmed, with costs, in a memorandum.

 To the extent that Matter of Hurd v County of Allegany (39 AD2d 499) may be read to support a contrary result it should not be followed.