MAKAROW v VOLKSWAGEN OF AMERICA, INC

Docket Nos. 77482, 78219. Submitted December 5, 1985, at Detroit. Decided February 2, 1987.

Nicolas Makarow, a resident of New Jersey, sustained crippling injuries in an automobile accident in the State of New York. Makarow filed products liability claims in courts in New York and New Jersey against Volkswagen of America, Inc. (VWOA), the distributor of his automobile. Makarow himself was sued by passengers who were injured in the same accident. All three actions were eventually dismissed. Five years after the accident, Makarow filed a products liability action in the Wayne Circuit Court against VWOA and Volkswagenwerk Aktiengesellschaft (VWAG), the German manufacturer of his automobile. Defendants moved for accelerated judgment, arguing that the action was barred by the statute of limitations and by res judicata. Plaintiff countered that the period of limitation was tolled by reason of his insanity. Defendants also moved for the trial court to decline jurisdiction on the basis of the doctrine of forum non conveniens. VWAG sought a separate trial on the statute of limitations issue. The trial court, Charles S. Farmer, J., denied all of defendants' motions. VWOA sought leave to appeal from the trial court's denial of its motion for accelerated judgment. The Court of Appeals denied leave to appeal. However, the Supreme Court remanded for consideration as on leave granted. 419 Mich 866 (1984). VWAG subsequently sought leave to appeal from the trial court's denial of its motion for a separate trial on the statute of limitations issue. Leave was granted and the appeals were consolidated.

The Court of Appeals *held:*

1. Under Michigan's "borrowing" statute, the period of limitation applicable to an action filed in Michigan by a nonresident and based on a cause of action that accrued outside of

REFERENCES

Am Jur 2d, Limitation of Actions §§ 66 *et seq.;* 142-144.

Validity, construction, and application, in nonstatutory personal injury actions, of state statute providing for borrowing of statute of limitations of another state. 41 ALR4th 1025.

Time of existence of mental incompetency which will prevent or suspend running of statute of limitations. 41 ALR2d 726.

Michigan is either that which is provided by statute in Michigan or that which is provided by the state where the cause of action accrued, whichever bars the action. Michigan and New York both provide for a three-year limitation period for products liability actions but have divergent case law regarding tolling by reason of a plaintiff's insanity.

2. Michigan law provides that a plaintiff having a condition of mental derangement such as to prevent him from comprehending rights he is otherwise bound to know at the time his claim accrues has one year after the disability is removed to bring the action even if the applicable period of limitation has run. The question of whether a plaintiff is insane is one for the jury to decide unless it is incontrovertibly established either that the plaintiff did not suffer from insanity at the time the claim accrued, or that he had recovered from any such disability more than one year before he commenced his action. In this case, plaintiff's sanity was properly a question for the jury and the trial court did not err in denying defendants' motions for accelerated judgment on the basis of the statute of limitations.

3. New York's tolling provisions must be considered when deciding whether plaintiff's action is barred under that state's statute of limitations. The New York tolling statute itself provides no definition of an insane person. New York courts however have held that "an individual who is unable to protect his legal rights because of an overall inability to function in society" is insane for tolling purposes. The record in this case did not indicate that plaintiff suffered from such disability. Plaintiff's action is therefore barred under New York law and consequently barred under Michigan law by Michigan's "borrowing" statute.

Reversed and remanded for dismissal.

SHEPHERD, J., agreed that the action ought to be dismissed, but wrote separately to state that the trial court should have declined jurisdiction on the basis of forum non conveniens.

OPINION OF THE COURT

1. LIMITATION OF ACTIONS — FOREIGN CLAIMS.

The period of limitation applicable to a claim brought in Michigan by a nonresident shall be either the period provided in the statute of limitations of Michigan or the applicable limitation period of the state where the cause of action accrued, whichever bars the claim (MCL 600.5861; MSA 27A.5861).

2. LIMITATION OF ACTIONS — TOLLING — INSANITY.

Michigan law provides that a plaintiff having a condition of

mental derangement such as to prevent him from comprehending rights he is otherwise bound to know at the time his claim accrues has one year after the disability is removed to bring the action even if the applicable period of limitation has run; whether the plaintiff is insane for purposes of this tolling provision is a jury question unless it is incontrovertibly established either that the plaintiff did not suffer from insanity at the time the claim accrued, or that he had recovered from any such disability more than one year before he commenced his action (MCL 600.5851 subds [1] and [2]; MSA 27A.5851 subds [1] and [2]).

3. LIMITATION OF ACTIONS — FOREIGN CLAIMS — TOLLING.

A court, when determining which statute of limitations is applicable to a claim brought in Michigan by a nonresident and based on a cause of action that accrued outside of Michigan, must first consider the other state's statute of limitations and tolling provisions before considering Michigan's statute of limitations and tolling provisions.

*Richard M. Goodman, P.C.* (by *Richard M. Goodman*), and *Gromek, Bendure & Thomas* (by *Mark R. Bendure*), Attorneys of Counsel, for plaintiff.

*Miller, Canfield, Paddock & Stone* (by *Wolfgang Hoppe* and *Sally L. Geib*), for Volkswagen of America, Inc.

*Bushnell, Gage, Doctoroff & Reizen* (by *George E. Bushnell, Jr., Noel A. Gage,* and *Eugene H. Beach, Jr.*), for Volkswagenwerk Aktiengesellschaft.

Before: MACKENZIE, P.J., and D. F. WALSH and SHEPHERD, JJ.

MACKENZIE, P.J. Defendants appeal by leave granted from orders denying (1) their motions for accelerated judgment on the bases of the statute of limitations, res judicata, and failure to afford full faith and credit to a judgment of a sister state, and (2) their motions to decline jurisdiction on the

basis of the doctrine of forum non conveniens. Defendant Volkswagenwerk Aktiengesellschaft (vwAG) also appeals by leave from an order denying its motion for separate trial on the statute of limitations issue. We conclude that the trial court erred in denying accelerated judgment on defendants' statute of limitations claim and accordingly reverse and remand for dismissal.

This products liability action arises out of an automobile accident which occurred on May 10, 1975, in the State of New York. Plaintiff, who at all relevant times has been a New Jersey resident, was driving a 1973 Volkswagen Super Beetle at the time of the accident. The car was licensed and registered by the State of New Jersey. The accident left plaintiff a quadriplegic.

In August, 1975, plaintiff was sued by two passengers also injured in the accident. Plaintiff assisted his insurer's attorneys in their defense at least to the extent of giving detailed deposition testimony describing the accident. That case was settled in 1977.

At some point during the passengers' suit, plaintiff's insurer's attorneys informed him that he might have a products liability claim. Two days before the New York period of limitation for products liability actions would have run, plaintiff asked one of the insurer's attorneys to retain an attorney for him. Exactly three years after the accident, on May 10, 1978, a New York attorney commenced an action against defendant Volkswagen of America (vwoa) on plaintiff's behalf in New York. The same day, a products liability suit against vwoa was also commenced on plaintiff's behalf in New Jersey by a New Jersey attorney. Vwoa is a New Jersey corporation which imported and sold VW Beetles in the United States. At the time of the accident, its executive, corporate, and

importation offices were located in New Jersey. Executive offices were subsequently moved to Michigan.

On January 26, 1979, VWOA was granted summary judgment in the New Jersey action on the ground that the two-year New Jersey period of limitation barred the action. NJSA 2A:14-2. On May 20, 1979, the New York action was dismissed for lack of prosecution. A second New York attorney retained on plaintiff's behalf unsuccessfully sought to vacate the order of dismissal. According to plaintiff, he never consulted with any of the New York or New Jersey attorneys representing him.

On October 21, 1980, more than five years after his accident, plaintiff commenced the instant Michigan action against VWOA and VWAG, the German corporation which manufactured plaintiff's automobile. VWOA responded by filing a motion for accelerated judgment based on the statute of limitations, res judicata, and failure to accord full faith and credit. VWAG filed a similar motion and both defendants filed motions to dismiss on the basis of forum non conveniens. By November 23, 1981, orders denying each of VWOA's motions had been entered. This Court denied leave to appeal in July, 1983. In May, 1984, the Supreme Court remanded for our consideration as on leave granted. 419 Mich 866. In the meantime, the circuit court had also denied each of VWAG's motions, along with a motion for separate trial on the statute of limitations issue. This Court subsequently granted VWAG's application for leave to appeal and consolidated the cases. Trial court proceedings were stayed pending appeal.

On March 5, 1985, plaintiff commenced a products liability suit against VWAG in New Jersey on the basis of an amended New Jersey statute toll-

ing the limitation period in actions against foreign corporations which have not designated a resident agent to receive service of process. (VwAG had not so designated). On January 10, 1986, the New Jersey court concluded that it had jurisdiction of the case and denied VWAG's motion to dismiss. Proceedings were stayed pending disposition of the instant Michigan case.

We begin our analysis of defendants' statute of limitations claim by considering Michigan's "borrowing statute," MCL 600.5861; MSA 27A.5861, which provides in pertinent part:

> An action based upon a cause of action accruing without this state shall not be commenced after the expiration of the statute of limitations of either this state or the place without this state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of this state the statute of limitations of this state shall apply.

This provision has been interpreted to mean that the period of limitation applicable to a claim brought in Michigan by a nonresident shall be either the statute of limitations of Michigan or the applicable limitation period of the state where the cause of action accrued, whichever bars the claim. *Cliffs Forest Products Co v Al Disdero Lumber Co,* 144 Mich App 215, 226; 375 NW2d 397 (1985), lv den 424 Mich 896 (1986). Stated another way, if the statute of limitations of either state bars plaintiff's claim, the action should be dismissed. The parties assume plaintiff's cause of action accrued in New York; we will not disturb that assumption.

Michigan's limitation period for products liability actions is three years. MCL 600.5805(9); MSA 27A.5805(9). New York law also provides for a three-year limitation period. McKinney's CPLR

§ 214. The statutes of both Michigan (MCL
600.5851; MSA 27A.5851) and New York (McKinney's CPLR § 208) provide that the statute of
limitations is tolled during the period in which a
plaintiff is insane. Plaintiff's position below and on
appeal is that both the Michigan and New York
statutes of limitation were tolled in this case due
to his accident-induced insanity. The trial court
denied defendants' motions for accelerated judgment on the ground that plaintiff's mental condition was a question for the trier of fact. It is
unclear whether this decision was based upon
Michigan or New York law, or both. Defendants
contend that the trial court erred in finding that a
dispute existed as to plaintiff's sanity, and that
under either Michigan or New York law plaintiff's
claim was time-barred.

We first consider whether plaintiff's claim was
barred under Michigan law. MCL 600.5851(1);
MSA 27A.5851(1) provides that if a person is insane at the time his claim accrues, he has one
year after the disability is removed to bring the
action although the applicable period of limitation
has run. MCL 600.5851(2); MSA 27A.5851(2) defines "insane" as "a condition of mental derangement such as to prevent the sufferer from comprehending rights he is otherwise bound to know."
Whether a person is insane for purposes of the
above provision is a jury question unless it is
incontrovertibly established either that the plaintiff did not suffer from insanity at the time the
claim accrued or that he had recovered from any
such disability more than one year before he commenced his action. See *Hill v Clark Equipment Co,*
42 Mich App 405, 412-413; 202 NW2d 530 (1972),
lv den 388 Mich 801 (1972).

In the instant case, when ruling on defendants'
motion for accelerated judgment the court had

before it, inter alia, the affidavit of psychologist John J. Blase which states in part:

[3]a. Since May 10, 1975, Mr. Makarow has been and remains a quadriplegic. That as a result of this physical disability, he has and remains:

(i) Depressed, bitter and enraged over the prospect of having to spend the remainder of his life in a wheelchair.

(ii) He has experienced exaggerated mood swings, similar to those of an individual suffering a severe mental illness, mainly manic depression.

(iii) He has expressed frequent thoughts of suicide.

(iv) He has developed total dependence upon his mother, to both his and her emotional and psychological detriment.

b. That in an effort to cope with his physical disability, Mr. Makarow has:

(i) Excessively used the defense mechanisms of denial and repression.

(ii) Given up his own decision making process by choosing to believe that others are acting in his best interest.

c. That as a result of the above stated conditions, Mr. Makarow has turned his total attention to his own immediate physical needs which has precluded his ability to foresee long-range problems and take necessary actions to enable him to deal with such problems.

4. That based upon his psychological evaluation and testing it is [my] opinion that Mr. Makarow was sufficiently impaired in judgment during the period following his accident, and extending to the present day, to prevent him from comprehending his rights and other matters concerning litigation.

Plaintiff's affidavit stated that he requested that attorneys be retained on his behalf to pursue "legal rights [I may have] against" defendants, but that he was unable to consult with the attorneys

who were retained "due to my physical and psychological condition." The affidavit of plaintiff's attorney also averred that although several attorneys had been retained on plaintiff's behalf, plaintiff's mental and physical disabilities precluded him from cooperating with the attorneys or taking any effective action on his own behalf to obtain his day in court.

Defendants emphasize that the affidavits of plaintiff and his attorney establish that plaintiff was able to comprehend his legal rights by retaining several attorneys to prosecute his New York and New Jersey lawsuits. In *Davidson v Baker-Vander Veen Construction Co,* 35 Mich App 293; 192 NW2d 312 (1971), lv den 386 Mich 756 (1971), however, this Court ruled that the mere fact of conferring with an attorney is not conclusive evidence of mental competence for purposes of the tolling provisions of MCL 600.5851(1); MSA 27A.5851(1). See also *Hill, supra,* p 412. This appears to be because the kind of derangement contemplated by the statute might include a condition such that, while somewhat aware, the person is only partially aware of the circumstances entitling him to maintain an action. In such a case, the person may only partially or imperfectly be able to assist his lawyer in prosecuting a claim. *Davidson, supra,* pp 307-308. Indeed, in this case, the evidence viewed in a light most favorable to plaintiff was that he was completely incapable of providing assistance.

Defendants suggest that plaintiff's averment that "until I met personally and retained [plaintiff's present attorney] to represent me, I had no input into my case and was unable to monitor the conduct of my attorneys" constitutes an admission that he was not insane after he met with his current counsel, more than one year before filing

his complaint. In our view, that statement is not conclusive evidence that plaintiff was sane once he retained his Michigan lawyer. Defendants also allude to representations made by plaintiff's counsel in 1984 regarding counsel's ability to communicate with plaintiff. The purported stipulation is not properly before this Court, however, and at any rate again does not amount to an admission that plaintiff was sane in 1978 or 1979. In accord with *Hill* and *Davidson,* we conclude that, based upon the evidence before him, the trial court properly denied defendants' motions for accelerated judgment.

We must next consider whether, as a matter of law, plaintiff's claim was time-barred under New York law and thus should have been dismissed. *Cliffs Forest Products, supra.* Resolution of this issue depends in part on whether, when Michigan "borrows" the statute of limitations of another state pursuant to MCL 600.5861; MSA 27A.5861, it must also borrow the tolling provisions of that state. Relying on *Belden v Blackman,* 118 Mich 448; 76 NW 979 (1898), and *DeVito v Blenc,* 47 Mich App 524; 209 NW2d 728 (1973), plaintiff asserts that Michigan's borrowing statute borrows only the statute of limitations of the place where his claim accrued, not its tolling provisions. Defendants contend that when a forum borrows the statute of limitations of another state, it must also borrow that state's tolling provisions. We agree with defendants.

The usual approach taken to tolling provisions under borrowing statutes such as Michigan's is that the forum's tolling provisions apply to the forum's statute of limitations and the other state's tolling provisions apply to its statute. See Sedler, *Choice of Law in Michigan—A Time to Go Modern,* 24 Wayne L R 829, 846 (1978). Thus, in

*Waldron v Armstrong Rubber Co (On Remand),* 64 Mich App 626, 636; 236 NW2d 722 (1975), lv den 399 Mich 895 (1977), this Court in discussing the predecessor statute to MCL 600.5861; MSA 27A.5861 explained:

> [C]ourts should first apply the applicable foreign statute of limitations, *including its tolling provisions,* and then apply the applicable forum statute of limitations, *including its tolling provisions.* After these determinations are made, if either bars the claim, then that statute of limitations is applied and the case is dismissed; if neither bars the claim, then the action is maintainable. This interpretation follows from the fact that the "borrowing" statute provides that the applicable period of limitations is the one which *bars the claim,* and not necessarily the one with the shorter time period. Furthermore, it provides that the periods of limitations to be considered are those prescribed by the law of each state. The law of a state prescribing a period of limitations necessarily incorporates the applicable tolling provisions present under that state's law. As a result, the tolling provisions of each state must be considered in determining whether that state's period of limitations would bar the claim and thereby cause a dismissal of the action under the provisions of the "borrowing" statute. [Emphasis in original.]

See also *Graham v Ferguson,* 593 F2d 754 (CA 6, 1979).

We agree with the above reasoning and conclude that the tolling provisions of each state—including their respective definitions of insanity—must be considered in this case. We find misplaced plaintiff's reliance on *Belden, supra,* and *DeVito, supra. Belden* was decided before Michigan enacted a borrowing statute, and is thus not controlling. In *DeVito,* this Court allowed a *Michigan* resident to

take advantage of Michigan's tolling provisions; it is therefore inapplicable to the instant case.

Having concluded that the New York tolling provision must be considered in deciding whether that state's statute of limitations would bar plaintiff's claim, we now turn to New York's definition of insanity for purposes of its tolling provision.

The New York tolling statute itself provides no definition of insane persons. New York courts seeking to define the term have noted, however, that the legislative history of the provision indicates an intent that the toll for insanity be narrowly interpreted. *McCarthy v Volkswagen of America,* 55 NY2d 543; 450 NYS2d 457; 435 NE2d 1072 (1980). The prevailing definition appears to be "those individuals who are unable to protect their legal rights because of an over-all inability to function in society." *McCarthy, supra,* 55 NY2d 548. This definition has been held not to include a person suffering post-traumatic neurosis, a condition manifesting itself in repression of the accident causing his injuries and therefore making it difficult to cooperate with counsel or understand his rights regarding the accident. *Id.* Nor does it include an inability to protect one's rights due to loss of physical function. *Eisenbach v Metropolitan Transportation Authority,* 97 AD2d 808; 468 NYS2d 676 (1983), aff'd 62 NY2d 973; 468 NE2d 293 (1984). Persons suffering from diagnosed schizophrenia are not entitled to an insanity tolling. *Libertelli v Hoffman-La Roche, Inc,* 565 F Supp 234 (SD NY, 1983); *Graboi v Kibel,* 432 F Supp 572 (SD NY, 1977). Dismissal as a matter of law was upheld in *Dumas v The Agency for Child Development—New York City Head State,* 569 F Supp 831 (SD NY, 1983), where the plaintiff's alleged mental disability, which manifested itself in severe depression, suicidal tendencies, and

which led to an eventual diagnosis of paranoid schizophrenia, "was not of the severe and incapacitating nature contemplated by the tolling statute." 569 F Supp 833.

Moreover, unlike Michigan, New York courts have found commencement of legal actions on behalf of a plaintiff indicative of sanity. See, e.g., *McCarthy, supra,* 435 NE2d 1073. Thus, in *Lacks v Marcus,* 68 AD2d 815; 414 NYS2d 139, 140 (1979), the court stated:

> In interpreting the meaning of the word "insane" as used in CPLR § 108, we should be "guided by the manifest purpose of the tolling statutes, to wit, 'to relieve from the strict time restrictions any person who actually lacks the ability and capacity, due to mental affliction, to pursue his lawful rights.'["] On these papers, we are unable to see any evidence that plaintiff was "insane" within the meaning of the statute. Whatever disability plaintiff had was surely not a disability to pursue her lawful rights or to sue. She has been engaged in lawsuits arising out of this and related matters continuously from before 1970 until today.

In the instant case, we conclude that no factual question existed under New York law as to plaintiff's sanity. The Blase affidavit, even when read in a light most favorable to plaintiff, clearly characterizes plaintiff's condition as one of "mental illness." As noted by the *McCarthy* court, however, the New York legislature refused to broaden the scope of New York's insanity toll to mental illness. 55 NY2d 548. The entire import of the affidavit is that as a result of the injuries plaintiff sustained, he has become depressed, withdrawn, and suicidal. Even assuming that this describes a condition more severe than "post-traumatic neurosis," these manifestations have been rejected by New York

courts as evidence of insanity. We have been unable to find anything in the record to indicate that at the time argument on defendant's accelerated judgment motions was heard the trial court had before it evidence that plaintiff suffered from an overall inability to function in society. Finally, plaintiff's history of prosecuting products liability claims in New Jersey and New York, whether or not he was able to assist his attorneys, militates against his entitlement to the New York insanity toll. We therefore conclude that, as a matter of law, plaintiff was not insane within the meaning of the New York tolling provision. Under New York law, plaintiff's claim was time-barred three years after his accident. Accordingly, pursuant to MCL 600.5861; MSA 27A.5861, plaintiff's Michigan action should have been dismissed. We need not reach the merits of defendants' remaining issues.

Reversed and remanded for dismissal.

D. F. WALSH, J., concurred.

SHEPHERD, J. *(concurring)*. I agree that this case ought to be dismissed in Michigan but not for the reasons stated by my colleagues. The majority opinion concludes that as a matter of law plaintiff was not insane within the meaning of the New York tolling provision and that therefore under New York law plaintiff's claim was time-barred. The action is then dismissed in Michigan under Michigan's "borrowing statute," MCL 600.5861; MSA 27A.5861. I would prefer to dismiss the case under the doctrine of forum non conveniens. *Anderson v Great Lakes Dredge & Dock Co,* 411 Mich 619; 309 NW2d 539 (1981); *Cray v General Motors Corp,* 389 Mich 382; 207 NW2d 393 (1973); *Hamann v American Motors Corp,* 131 Mich App 605; 345 NW2d 699 (1983). If this case had been started

in Michigan and we were not faced with the previous proceedings in New York or New Jersey, I do not believe we would have had any difficulty in concluding that Michigan is not the place for this case to be tried and we would have declined to accept the case on the basis of forum non conveniens. There is no valid reason for having this case tried in Michigan when all of the facts appear to have occurred either where the accident took place or where plaintiff lives. It is therefore my belief that the Michigan trial court was in error in failing to exercise its discretion to decline to take the case on the basis of forum non conveniens. The issues of the applicability of New York or New Jersey law and the effect of the statutes of limitation of those states would then best be decided in the courts that are better placed to try the case if it goes to trial.

I note that in a hearing that took place in New Jersey on October 25, 1985, counsel for one of the defendants argued that this case belongs in Michigan. Counsel for plaintiff noted that the defendant had argued in Michigan that the case more appropriately belongs in New Jersey. Plaintiff then repeatedly offered to dismiss the case in Michigan if the New Jersey courts accepted it. On January 10, 1986, the New Jersey court concluded that New Jersey has jurisdiction and that there is no basis for dismissing the action under the statute of limitations in effect in New Jersey. The New Jersey judge said that she would defer to Michigan and that appropriate action would be taken in New Jersey after the Michigan court decided the matters pending in Michigan. Now that this has been accomplished, presumably the case will go before the New Jersey judge who will see that the opinion in this case simply dismisses the action based upon a Michigan interpretation of New

York law. The opinion of this Court says nothing about the application of New Jersey law and the New Jersey courts are still free to interpret their statutes as they see fit. Given the fact that this case is still not resolved by our opinion, I would prefer to see the matter finally disposed of by those courts that have a closer relationship to the facts i.e. either New York (where the case appears to be no longer viable) or New Jersey (where some issues still appear to be open).